*Charles Negus*, for appellant.

*J. E. Neal*, for appellee.

———◦◦◦———

## KEENEY v. CHILIS.

Possession of a bond negotiable under the Code, is *prima facie* evidence of ownership; and if such possession is alledged to be fraudulent, the fact can only be established by evidence.

After a deposition is returned to court, the objection cannot for the first time be raised, that the questions were leading.

*Appeal from Polk District Court.*

*Opinion by* HALL, J. Henry Chilis brought his suit against Charles Keeney, upon a note, drawn by defendant to plaintiff, for one hundred dollars. The defendant set up fraud, &c., and states that the note was given by him for a certain bond, executed by defendant and one Walker, to one Hayworth. That plaintiff had the bond in his possession, and fraudulently delivered it to defendant, &c. The court, in effect, charged the jury that Chilis' possession of the bond was *prima facie* evidence of ownership, and of his right to dispose of it; and that if the defendant denied his right, he must establish the fact of the fraudulent possession, by evidence.

The plaintiff below, also took the deposition of one Smith, a non-resident witness, which was duly returned to the clerk of Polk county district court. Defendant below excepted to the deposition principally on the ground that

the questions propounded to the witness were leading. The court overruled the objection.

The instructions of the court are good. The bond was negotiable under our Code, and the title passed by delivery.

Objections to questions as leading in a deposition, come too late, after the deposition is returned into court. They should be made when the deposition is taken.

Decree affirmed.

*Bates* and *Finch*, for appellant.

*G. G. Wright*, for appellee.